## GORDON *v.* GORDON.

Land was conveyed by A to his brother, B, by a deed absolute on its face, but with a parol agreement for a reconveyance when A should pay B certain debts and liabilities, and A continued in the occupation of the premises, the same after as before the deed, making improvements thereon. The greater part of said debts and liabilities was paid during the lifetime of B; but B died without executing a reconveyance, leaving the defendant his widow. Subsequently, by agreement with the administrator, A paid over the balance due the estate according to the parol agreement with B, and received an administrator's deed of the premises. The widow was a party to this arrangement, and verbally promised that when it was carried out she would execute a release of her right of dower. On a bill in equity brought to restrain her from enforcing her claim to dower in the probate court, it was *held*, that under our statutes her right of dower was not lost or barred, and that the injunction must be denied.

IN EQUITY. The bill alleges that the plaintiff, William Gordon, on the 15th day of December, 1863, being indebted to his late brother, Henry L. Gordon, executed and delivered to him a deed of warranty, in common form, of certain real estate described in the bill; that said deed was given for the purpose of securing a debt which the plaintiff owed said Henry L. Gordon, and other claims and demands against the plaintiff, which the said Henry L. Gordon then assumed to pay, and with the express understanding and agreement, that when said

debt, claims, and demands were paid by the plaintiff to said Henry, the said Henry was to reconvey the premises to the plaintiff; that the plaintiff continued in the occupation of the premises, and made large improvements, and paid to said Henry several thousand dollars on said debt and liabilities; that said Henry died without executing a reconveyance, leaving the defendant, Mary J. Gordon, his widow, and several minor children; that after the death of said Henry, for the purpose of restoring the title of said premises to the plaintiff, an agreement was entered into between the plaintiff, the administrator of Henry, the guardian of his minor children, and the defendant, that the plaintiff should be allowed against the estate of his deceased brother the sum of $4,042.16; that the administrator should obtain a license to sell said land; that the plaintiff should bid it off for $5,000, being $957.84 more than the amount allowed him against the estate, which difference was the sum still due the estate according to the parol contract for a reconveyance, and upon payment of which according to said contract he would be entitled to a deed; that a license to sell was procured, and the plaintiff bid off the land for $5,000 according to said agreement, and paid the difference between his claim as allowed and $5,000, and thereupon received a deed from the administrator in pursuance of said license and sale; that, at the time the last mentioned agreement was entered into, the defendant (knowing how said real estate was held by her late husband) agreed with the plaintiff that when said land was so sold and bid off by him she would execute to him a quitclaim deed of all her right, title, and interest to dower or otherwise in the same; that she refuses to convey and relinquish her right of dower in the premises, but now demands that dower therein be set off to her. The bill prays that she may be enjoined from making any such claim or demand of dower, and that she be decreed to execute a quitclaim deed of the premises to the plaintiff, in order that the cloud upon the title created by said claim may be removed.

To this bill there was a general demurrer, which was joined.

*Murray*, for the plaintiff.

*Barnard* and *Vaughan*, for the defendant.

LADD, J.  " No trust concerning lands, excepting such as may arise or result by implication of law, shall be created or declared unless by an instrument signed by the party creating the same or by his attorney." Gen. Stats., ch. 121, sec. 13. The parol agreement, therefore, of Henry L. Gordon to reconvey the premises upon payment of his debt and the liabilities assumed by him for the plaintiff, did not create a trust, such a result being forbidden by the plain and unequivocal terms of the statute.* Further: " No conveyance in writing of any lands shall be defeated nor any estate incumbered by any agreement,

---

*And see *Hall* v. *Congdon*, 55 N. H. 104, 105.                    REPORTER.

unless it is inserted in the condition of the conveyance and made part thereof, stating the sum of money to be secured or other thing to be performed." Gen. Stats., ch. 122, sec. 2. The parol agreement to reconvey could not therefore have the legal effect of a defeasance, and so transform the deed, which was absolute on its face, into a mortgage. It has been held that a bond to reconvey, executed with all due formality and in good faith, could not be given that effect under this statute. *Tift* v. *Walker*, 10 N. H. 150. So far, then, as regards the legal title, it is plain that the estate created in Henry L. Gordon by the deed was neither that of a trustee nor of a mortgagee of the premises; and it is equally plain that he took what the deed purports to convey, namely, an absolute estate in fee. That being so, the wife's inchoate right of dower at once attached, and no subsequent act of the husband alone could defeat it.

The bill sets forth that the plaintiff continued in occupation of the premises, after the deed and parol agreement to reconvey the same, as before, and made large improvements; also, that before the death of his brother he paid the main part of the debts and claims which the deed was given to secure, and has since adjusted and paid the whole remaining balance, under an arrangement entered into with the administrator and guardian of the minor children of the deceased, to which arrangement the defendant was a party; and it is very justly argued, that upon these facts a court of equity would decree a specific performance of the parol contract for a reconveyance against the heirs and legal representatives of Henry L. Gordon, on the ground that there had been such part performance as to take the case out of the purview of the statute of frauds. But admitting this to be so, how does it affect the defendant's legal right to dower? If Henry L. Gordon had actually reconveyed the premises in his lifetime, thus carrying fully into effect the parol agreement with the plaintiff, it could hardly be contended that the defendant's right of dower would be barred by such reconveyance without any act of her own releasing it. How, then, can it be successfully claimed that acts and conduct on the part of the deceased, such as receiving money on the parol contract, and especially permitting the plaintiff to occupy the premises for a series of years, making costly improvements which entitle him to a decree in equity for a full and specific performance, shall have an effect, as regards the defendant's right of dower, which would not have followed the execution and delivery of a deed by her late husband? The defendant was no more a party to the acts of her husband, which entitle the plaintiff to such a decree, than she would have been to a deed in case one had been executed by him alone. If, therefore, instead of doing what was done to get back the title, the plaintiff had in the outset resorted to a bill in equity for a specific performance of the parol agreement to recovery, on the ground of part performance of that contract, and had succeeded, as he undoubtedly must on the facts stated in the bill, we are unable to see why a decree in his favor must not have left the defendant's claim for dower untouched as much as a

deed of the deceased, provided he had executed one in the voluntary performance of his equitable obligation.

This is the main point to which the argument of the plaintiff's counsel has been directed, and it fails, we think, for this reason.

The conclusion seems to be inevitable, that the defendant, at the death of her husband, had a right of dower in the premises. Has she done anything since whereby that right is legally barred ?

It is contended that her conduct has been such as to raise an equitable estoppel against her, which should have all the effect of a formal release or conveyance of her right. The allegations of the bill bearing upon this point are, in substance, that after the death of Henry L. Gordon an agreement was entered into between his administrator, the guardian of his minor children, the plaintiff, and the defendant, whereby the plaintiff was to be allowed a claim of $4,042.16 against the estate on account of what he had paid his brother on the parol agreement; that the administrator should obtain a license from the probate court to sell the estate; that the plaintiff should bid it off for $5,000, being just enough more than the claim allowed him against the estate to cover the sum still due from him on the parol agreement with his brother; and that all this was done, and a deed executed and delivered to him by the administrator, in pursuance of said license and sale. It is further alleged, that the defendant at that time agreed that when the above arrangement was carried out she would execute to the plaintiff a quitclaim deed of all her right, title, and interest to dower or otherwise in said real estate.

It seems to be admitted that this agreement was also verbal, and that, as a contract for the conveyance of an interest in land, it cannot be enforced against the defendant by reason of the statute of frauds.

It is not alleged, and there is no claim, that the license was for the sale of the whole premises, including the widow's dower, according to the provisions of secs. 15 and 16, ch. 182, Gen. Stats.; but, on the other hand, it is affirmatively shown that the parties, instead of resorting to the plain and simple method provided by the statute for securing their respective rights, deliberately chose to leave it upon the parol agreement set forth in the bill. There is no pretence of an estoppel by deed, and we have sought in vain for the elements of an estoppel in pais.

No fraudulent representation or concealment of any fact of which the plaintiff was ignorant, in reference to the state of the title and the defendant's right of dower in the premises, and no representation or concealment not fraudulent, respecting the same, is charged in the bill. That the plaintiff knew all the facts as well as the defendant is made obvious by the very agreement upon which he unfortunately chose to rely. Moreover, it is not made to appear even that he changed his position by reason of her parol agreement to release; but, on the contrary, the fact that he had paid several thousand dollars, and nearly the whole claim for which the land was held, to his brother in his lifetime, makes it extremely probable, to say the least, that he would have paid

the balance to the estate in order to get the legal title back into himself, even though the defendant had absolutely refused to execute a release. But whether he would have done so or not, what is there to distinguish the case from any other, where one party to a parol contract for the conveyance of land or an interest in land refuses to go on and complete it by executing a deed? If money is paid upon the faith of such a contract, and the other party puts it out of his power to perform, or wholly refuses to perform, by executing a deed, the money so paid may doubtless be recovered back in a suit at law. So in this case, if the plaintiff has paid money to the defendant, or to the administrator for her, and which she has received upon the faith of her parol agreement to release her dower, there would seem to be no good reason why he should not be allowed to recover back from her whatever she has received upon a contract which she now refuses to fulfil.

But this furnishes no ground upon which the relief sought in this bill can be granted.

The bill shows nothing more than a refusal to perform a parol agreement for the conveyance of an interest in land, which is clearly within the statute of frauds; and an attempt to give to the conduct of the defendant, however inequitable, the effect claimed for it by the plaintiff, would be nothing less than an attempt to repeal that statute under color of giving effect to an equitable estoppel *in pais.*

*The demurrer must be sustained.*