Aug. 13, 1875. }          GORDON v. GORDON.

*Statute of frauds—Parol agreement to convey land.*

The plaintiff being indebted to H. L. G., husband of the defendant, conveyed to him certain real estate, with the parol agreement that he would reconvey to the plaintiff upon payment of the debt. H. L. G. died without having reconveyed the premises. After his death, the plaintiff, for the purpose of restoring the legal title to himself, entered into a parol agreement with the administrator of the deceased, and with the defendant, by the terms of which he was to be allowed a debt of $4,042.16 against the estate of the deceased: the administrator was to obtain license and sell the premises. The plaintiff was to bid off the same at $5,000, being the amount allowed the plaintiff against the estate, with $957.84 more still due from the plaintiff, according to the parol contract, for a reconveyance; and the defendant at the same time agreed by parol to convey her right of dower to the plaintiff. The administrator obtained license, and sold the premises to the plaintiff for $5,000, who paid $957.84 to the administrator (being the difference between $5,000 and $4,042.16), and received from him a deed of the premises. The administrator accounted for said sum as assets belonging to the estate. The defendant refused to convey her right of dower to the plaintiff, but demanded and caused the same to be set out to her. The plaintiff brought this suit to recover one third part of said sum of $5,000. *Held*, that the plaintiff could not recover.

FROM GRAFTON CIRCUIT COURT.

ASSUMPSIT. The writ is dated September 8, 1873. The declaration contains the common counts for money had and received, goods, wares, and merchandise sold and delivered, etc. The plaintiff filed the following specification of his claim : " The plaintiff brings this action against the defendant to recover one third of five thousand dollars, paid by the plaintiff to the administrator of Henry L. Gordon's estate for the defendant, and which she has received of the said administrator upon the faith of her parol promise and agreement with the plaintiff to release her right of dower to the plaintiff in certain real estate situated in Canaan, in the county of Grafton, known as the Gordon Paper Mill property, she subsequently refusing to fulfil her promise to the plaintiff, and having demanded her dower."

The action was referred to a referee, who made the following report: " The plaintiff claims to recover upon the count in the writ for money had and received and the specification in the case, and alleges the facts upon which that claim is based as follows, viz. : That the plaintiff, on

the fifteenth day of December, 1863, being indebted to Henry L. Gordon, now deceased, brother of the plaintiff and husband of the defendant, executed and delivered to him a deed of warranty, in common form, of certain real estate situate in Canaan in said county of Grafton ; that said deed was given for the purpose of securing a debt which the plaintiff owed said Henry L. Gordon, and other claims and demands against the plaintiff which the said Henry L. Gordon then assumed to pay, upon the express understanding and agreement, not in writing, that when said debt, claims, and demands were paid by the plaintiff to said Henry L. Gordon, the said Henry L. was to reconvey the premises to the plaintiff ; that the plaintiff continued in the occupation of the premises and made large improvements, and paid to said Henry L. several thousand dollars on said debt and liabilities ; that said Henry L. died intestate, without executing a reconveyance, leaving a widow, who is the defendant in this action, and several minor children ; that, after the death of the said Henry L., for the purpose of restoring the legal title of the premises to the plaintiff, an agreement was entered into between the plaintiff, the administrator of Henry L., the guardian of said minor children, and the defendant, by the terms of which agreement the plaintiff was to be allowed a debt of $4,042.16 against the estate of the deceased Henry L. The administrator was to obtain license, and sell the premises at public auction. The plaintiff was to bid off the same at $5,000, which was the amount allowed against the estate, together with $957.84 more, the amount still due the estate from the plaintiff according to the parol contract for a reconveyance, and upon payment of which he would be entitled, according to said contract, to a reconveyance ; that at the same time the defendant (knowing how the premises were held by her late husband) agreed with the plaintiff that when the premises were so sold and bid off she would execute to him a quitclaim deed of all her right and interest, to dower or otherwise, in the same ; that a license to sell was procured, and the plaintiff bid off the land according to the agreement as above stated, and paid the difference between $5,000 and his claim, which was allowed against the estate of Henry L. according to said agreement, and thereupon received a deed from the administrator in pursuance of said license and sale ; that everything has been performed which, by the terms of the aforesaid agreement, were to precede the execution and delivery of a deed by the defendant to the plaintiff of her dower in the premises ; that the defendant utterly refused to make and deliver a deed of her right of dower in the premises, and has proceeded to demand and cause her dower in the premises to be set off for her, and is now in the possession and enjoyment of the same ; that said Henry L. Gordon's estate has been settled, and the defendant has received her distributive share thereof.

" To the foregoing statement of facts by the plaintiff, the defendant replied by her counsel, and said that she admitted the statement to be true for the purposes of this case ; and then she takes the position that, as a matter of law, the plaintiff is not entitled, by the facts set forth in said statement, to recover in this action. The referee ruled *pro forma*

that the plaintiff is entitled to recover one third of five thousand dollars, with interest on the same since the date of the writ."

The questions of law arising on the foregoing report were transferred to this court by STANLEY, J.

*Murray*, for the plaintiff, cited *Leach* v. *Tilton*, 40 N. H. 473, *Holden* v. *Curtis*, 2 N. H. 61, *Gordon* v. *Gordon*, 54 N. H. 152, *Burleigh* v. *Bennett*, 9 N. H. 18, *Williams* v. *Rand*, 5 Pick. 480, and *Shearman* v. *Akins*, 4 Pick. 283.

*Hibbard* (with whom was *Barnard*), for the defendant, cited *Gordon* v. *Gordon*, 54 N. H. 152, and Gen. Stats., ch. 182, secs. 15, 16.

SMITH, J. The plaintiff, prior to the commencement of this suit, brought a bill in equity against this defendant to restrain her from enforcing her right of dower in certain real estate described in the bill, and to compel her to release such right to him. It was held that, upon the facts stated in the bill, her right of dower was not lost or barred under our statutes, and the injunction was therefore denied. 54 N. H. 152.*

The plaintiff now brings this suit to recover back money alleged to have been paid to her or for her benefit, in consideration of which she entered into a parol agreement to release her dower to him in said premises. The facts set forth, upon which the claim is based, are the same in substance as alleged in the suit in equity. It was remarked in that suit, that " if the plaintiff has paid money to the defendant, or to the administrator for her, and which she has received upon the faith of her parol agreement to release her dower, there would seem to be no good reason why he should not be allowed to recover back from her whatever she has received upon a contract which she now refuses to fulfil."

From the plaintiff's statement of his case, which the defendant admits is true, it appears that he had a claim against the estate of Henry L. Gordon, amounting to $4,042.16; that the administrator, under a license from the court of probate, sold the real estate for $5,000, at public auction, to the plaintiff; that he paid the administrator the difference between these two sums, being $957.84, and received a conveyance from him; that the money so paid to the administrator was accounted for by him on settlement of his administration account as assets belonging to the estate; and that, the estate not being in fact insolvent, there was a balance found in the administrator's hands, which was decreed by the judge of probate to be distributed to the heirs of the intestate, the widow, under the provisions of the statute, receiving her distributive share. It is quite clear that the purchase-money paid was the exclusive property of the estate. It is not even alleged that any part of it was on account of the sale of the defendant's right

---

*See *Gordon* v. *Gordon*, 55 N. H. 399.

of dower in the premises. There were three ways by which the plaintiff could acquire her right. (1) The administrator, under the provisions of ch. 182, secs. 15 and 16, Gen. Stats., might upon application have obtained license, with the assent of the widow, to sell the whole real estate, including her dower and the reversion thereof, and the judge would thereupon have estimated the present value of her dower according to her age, which she would have been entitled to receive, and the balance would be assets to be distributed according to law. This course, either from oversight or from some other cause, they neglected to take. No attempt seems to have been made to include her right of dower in the premises sold; nor is any claim made that she undertook to join in such sale without such license having been obtained from the probate court. (2) The second way for the plaintiff to have obtained the defendant's interest in said premises was by a separate purchase and conveyance from her for a stipulated sum. This course the parties did not see fit to pursue. (3) The third way to obtain it was by voluntary conveyance from her without consideration;—and this was the course he selected. It is alleged that it was agreed that if he would pay the estate what he was owing it—stated to be $4,042.16—the widow, administrator, and guardian agreed that such proceedings should be had in the probate court that he could bid off the premises at $5,000, and the widow would release her dower. This promise on the part of the defendant was purely voluntary, and, considering the circumstances under which the land was conveyed to her husband, was no more than what was equitable and just; but, unfortunately for the plaintiff, she does not see fit to keep her promise. However inequitable her conduct may seem, the plaintiff clearly has no remedy. Her agreement to release was within the statute of frauds, and therefore no action can be maintained upon it: it was also without consideration, and therefore not valid. Suppose her husband's estate had been in fact insolvent: no part of this money could ever have been distributed to her, and it is quite clear this action could not then have been maintained against her. How, then, does the fact that the estate is solvent make any difference, when no part of the money was paid to her upon the contract, but by virtue of her *status* as widow of the deceased, as her distributive share in his estate? There was no agreement that the plaintiff would pay her any sum for her dower. He had, in the lifetime of the intestate, conveyed the premises to him in payment of his indebtedness to him, and upon his brother's assuming the payment of certain debts due from the plaintiff to others, which the intestate afterwards paid, and upon the parol agreement to reconvey upon the amount so due to the intestate from him, and so paid by the intestate to his other creditors, being repaid. Prior to the decease of his brother, the plaintiff had refunded the sum of $4,042.16, leaving the sum of $957.84 still due at his decease. Had his brother lived, undoubtedly the plaintiff would have received a reconveyance of the premises from him, including a release of the defendant's dower. But after his decease he undertook to adjust it in the manner above stated, and seems to have confided

in the parol promise of the widow that she would release her dower upon the balance due to the estate being paid. That amount was paid in the way agreed upon, but, for some reason which does not appear, she declines to keep her promise. As the plaintiff paid her nothing for her right of dower, and never agreed to pay her anything, she is under no legal obligation to release to him, nor can he recover back what he never paid.

The origin of his troubles seems to lie in his resorting to an illegal way for securing his brother and other creditors. The conveyance was absolute, but was in fact intended to operate as a mortgage. If, then, the plaintiff had conveyed by way of mortgage, instead of by deed absolute upon its face, the defendant would have acquired no right of dower in the premises. The result only illustrates the difficulties that often surround one who undertakes to do what doubtless in this case was a proper thing, in a way which the law for the protection of creditors stamps as fraudulent.

Upon the facts as they now appear, the plaintiff is not entitled to judgment upon the report of the referee.

CUSHING, C. J. The plaintiff claims to recover, under the count for money had and received, one third part of $5,000 paid by him to the administrator of Henry L. Gordon's estate for the defendant, and which she has received of the said administrator on the faith of her parol promise and agreement to release, &c. The case, however, as reported by the referee, does not show that the defendant has received the money as alleged. The case, in fact, finds the sum of $957.84 paid to the administrator, and a claim of $4,042.16 of the plaintiff discharged by him, but it does not find that in any shape or form the defendant has received any of this money, much less that she has received it as compensation for her dower.

It is plain, therefore, that under this declaration the plaintiff cannot recover money as had and received to his use, which the defendant is not shown by the case to have received at all. If the agreement shown by the case had been in writing and supported by a sufficient consideration, still the case does not show the money into the hands of the defendant. I am therefore of opinion that the action cannot be maintained.

LADD, J., concurred.

*Case discharged.*